L

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
BANGKOK BANGKOK IMPORT & EXPORT INC.,

                                                                          20-CV-10572
                                                                       Docket No ~~20-CV-10257~~
                            Plaintiff,          (JMF)

                                                                          **CONSENT JUDGMENT**
                            v.                              **AND PERMANENT**
                                                                           **INJUNCTION**

2M ASSOCIATES, INC. and ALPHA BAH,

                           Defendants.
------------------------------------------------------------

    Plaintiff Bangkok Bangkok Import & Export Inc. ("Plaintiff" or "Bangkok") filed its Complaint on December 15, 2020 against Defendants 2M Associates, Inc. and Alpha Bah (collectively the "**2M Defendants**"). In the Complaint, Bangkok alleges trademark infringement, trade dress infringement, unfair competition, and trademark dilution in violation of the Lanham Act, as well as other violations under New York law arising out of 2M Defendants' infringement of Bangkok's trademarks and trade dress, and attempt to give the impression of an association between Bangkok's and Defendants' bags of jasmine rice.

    2M Defendants now stipulate and consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

    NOW, THEREFORE, upon consent of the parties hereto, IT IS ORDERED, ADJUDGED AND DECREED:

1. The Court has personal jurisdiction over Defendants based upon the fact that Defendants reside and conduct business in the State of New York. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

2. Since August 30, 1979, Bangkok has continuously and extensively promoted, offered and sold its jasmine rice and related goods and services in interstate commerce under the Bangkok trademark.

3. Bangkok is the owner of the Elephant Brand trademark for use in connection with jasmine rice goods and services and related food products.

4. The Elephant Brand mark is a distinctive, valid and protectable trademark of Bangkok.

5. The Elephant Brand has become distinctive of Bangkok's jasmine rice in bags.

6. 2M Defendants since 2015 have imported, sold and distributed jasmine rice in bags.

7. The 2M Defendants' trademark and trade dress are confusingly similar to Bangkok's Trademarks and trade dress.

8. 2M Defendants since 2015 have used, or intended to use, jasmine rice in

Interstate commerce that are identical, or at least highly related, to Bangkok's jasmine rice.

9. 2M Defendants' use of the marks and 2M Defendants' marketing tactics are likely to cause confusion, deception and/or mistake in the marketplace, the jasmine rice industry and all channels of trade for Bangkok's jasmine rice and related goods.

10. 2M Defendants' misuse of the Elephant Brand Trademark and Trade Dress is likely to cause confusion, to cause mistake, or to deceive as to the source of the jasmine rice goods of 2M Defendants, or as to affiliation, connection, association, sponsorship, or approval of such goods.

11. 2M Defendants' use of the Elephants and Royal Elephant brands on and in connection with its goods and services is likely to dilute the distinctive quality of Bangkok's Trademark and trade dress.

12. 2M Defendants' use of the Elephants and Royal Elephant brands on and in connection with its goods is likely to injure the business reputation of Bangkok.

13. 2M Defendants, together with all of its officers, agents, servants, employees, representatives, attorneys and assigns, and all other persons, firms, or companies in active concert or participation with it are permanently enjoined and restrained from directly or indirectly:

    a. Using the Elephant Brand marks or any confusingly similar marks in any

way or using any word, words, phrases, colors, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation the Elephants and Royal Elephant brand marks in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of jasmine rice or its packaging;

b.  Maintaining any materials in its possession or under its control that contain infringements of, or things likely to cause confusion with, the Elephant Brand Trademark or trade dress;

c.  Unfairly competing with Bangkok in any manner whatsoever;

d.  Doing any other act likely to induce the mistaken belief that 2M Defendants or its jasmine rice are in any way affiliated, connected, or associated with Bangkok or its jasmine rice and other goods;

e.  Causing likelihood of confusion, injury to Bangkok's business reputation, or dilution of the distinctiveness of Bangkok's mark, Symbols, labels, or forms of advertisement;

f. Committing trademark infringement, trade dress infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or interference with prospective economic advantage and/or any other act or making any other  statement that infringes or dilutes Bangkok's trademarks or trade dress or constitutes an act of infringement, dilution, unfair competition ,untrue and misleading advertising, and/or interference

with prospective economic advantage, under federal law and/or the laws of the State of New York; and

g.   Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (f).

14.  In the event 2M Defendants breach any term of this Consent Judgment and Permanent Injunction, or otherwise infringe or dilute Bangkok's trademark or trade dress rights, Bangkok shall be entitled to injunctive relief, damages, and profits, and 2M Defendants shall pay Bangkok's attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

15.  2M Defendants agree that the Federal and State Courts in New York, including, without limitation, this Honorable Court, shall have personal jurisdiction over 2M Defendants in any future dispute involving this Consent Judgment and Permanent Injunction and any future violations of Bangkok's trademark or trade dress rights as well as any future disputes involving the Settlement Agreeemnt entered into among the parties to this action.

16.  The Permanent Injunction shall remain in full force and effect until modified by order of this Honorable Court.

**IT IS SO ORDERED.**

Dated: January 19, 2022

_____
The Honorable Jesse M. Furman
United States District Judge

_____
Hayes Young
THE LAW OFFICES
OF HAYES YOUNG, P.A.
233 Broadway, Suite 2707
New York, New York 10279
Telephone: (212) 766-0006
Facsimile: (732) 909-2800

_____
Todd Wengrovsky
THE LAW OFFICES
OF TODD WENGROVSKY, PLLC
285 Southfield Road, Box 585
Calverton, New York 11933
Telephone: (631) 727-3400